UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD WATTS,<br><br>    Plaintiff,<br><br>  v.<br><br>SAGORA SENIOR LIVING, INC.,<br><br>    Defendant. | No. 2:24-cv-02009-TLN-JDP<br><br><br>**ORDER** |

   This matter is before the Court on Plaintiff Gerald Watts's ("Plaintiff") Motion to Remand.  (ECF No. 7.)  Defendant Sagora Senior Living, Inc. ("Defendant") filed an opposition.  (ECF No. 9.)  Plaintiff filed a reply.  (ECF No. 11.)  For the reasons set forth below, Plaintiff's motion is GRANTED and the action is REMANDED.

///
///
///
///
///
///
///
///

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

On April 29, 2024, Plaintiff filed this putative class action against Defendant in Placer County Superior Court. (ECF No. 1 at 15–40.) Plaintiff's Complaint against Defendant alleges the following eight causes of action: (1) failure to pay minimum and straight time wages; (2) failure to pay overtime wages; (3) failure to provide meal periods; (4) failure to authorize and permit rest periods; (5) failure to timely pay final wages at termination; (6) failure to provide accurate itemized wage statements; (7) failure to indemnify employees for expenditures; and (8) unfair business practices. (*Id.*)

On July 24, 2024, Defendant removed the instant case to this Court based on diversity jurisdiction. (ECF No. 1.) In its Notice of Removal, Defendant claims: (1) complete diversity of citizenship between the parties exists; and (2) the amount in controversy exceeds $75,000. (*Id.* at 3.) On August 23, 2024, Plaintiff filed the instant Motion to Remand on the basis that Defendant's Notice of Removal fails to establish Plaintiff's individual claims meet the amount in controversy requirement.[1] (ECF No. 7.)

II.     **STANDARD OF REVIEW**

A civil action brought in state court, over which the district court has original jurisdiction, may be removed by the defendant to federal court in the judicial district and division in which the state court action is pending. 28 U.S.C. § 1441(a). Removal statutes are to be strictly construed against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

The district court has original jurisdiction over civil actions between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. § 1332(a)(1). The amount in controversy is determined by reference to the complaint itself and includes the amount of damages in dispute, as well as attorneys' fees, if authorized by statute or contract. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Where the complaint does not pray for damages in a specific amount, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373,

---

[1]     Plaintiff does not dispute diversity of citizenship. Accordingly, the Court only considers whether the requisite amount in controversy has been established for purposes of removal.

376 (9th Cir. 1997) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). If the amount is not facially apparent from the complaint, the Court may "require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Id.* (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335–36 (5th Cir. 1995)).

### III.   ANALYSIS

Plaintiff moves to remand the instant case to Placer County Superior Court and requests an award of attorneys' fees and costs incurred in filing the instant motion. (ECF No. 7.) The Court will address each of these issues in turn.

#### A.   Motion to Remand

Plaintiff contends Defendant's Notice of Removal is insufficient to confer diversity jurisdiction to this Court because it does not allege or provide any supporting evidence that Plaintiff's individual claims exceed $75,000.[2] (ECF No. 7 at 7.) Plaintiff urges the Court not to consider new arguments raised in Defendant's opposition regarding how the amount in controversy requirement is met, arguing this information should have been included in its Notice of Removal. (*Id*. at 3–4.)

In opposition, Defendant argues its Notice of Removal is sufficient to confer jurisdiction to this Court as a notice of removal need only include plausible allegations as to the amount in controversy. (ECF No. 9 at 9–10). Defendant further argues it was not required to submit evidence establishing the amount in controversy until Plaintiff contested Defendant's Notice of Removal by the instant motion. (*Id*. at 8.) Lastly, Defendant argues the amount in controversy exceeds the jurisdictional threshold and provides estimates regarding the amounts for Plaintiff's individual claims. (ECF No. 9 at 10–22.)

---

[2] Plaintiff also contends that Defendant's Notice of Removal is insufficient to confer jurisdiction to this Court because Defendant failed to show that the amount in controversy, in the aggregate, exceeds the sum or value of $5,000,000 as required under the Class Action Fairness Act ("CAFA"). (ECF No. 7 at 2.) In opposition, Defendant argues its removal based on traditional diversity is sufficient as CAFA does not replace but rather supplements traditional diversity jurisdiction. (ECF No. 9 at 6.) As such, Defendant argues it was not obligated to meet CAFA-specific requirements. *Id.* The Court agrees with Defendant and thus only considers whether Defendant has demonstrated Plaintiff's individual claims satisfy the $75,000 amount in controversy requirement.

To determine whether the instant matter should be remanded, the Court will consider whether Defendant's Notice of Removal is sufficient to confer jurisdiction to this Court. If the Notice of Removal is insufficient, the Court will decide whether it can consider any supplemental information provided by Defendant in its opposition and, if so, whether the additional information is sufficient to establish the requisite amount in controversy.

First, the Court finds that Defendant's Notice of Removal includes plausible allegations that the amount in controversy exceeds the jurisdictional threshold. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only plausible allegations that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegations."). However, as Plaintiff has contested Defendant's allegations regarding the amount in controversy by way of the instant motion, Defendant's Notice of Removal is deficient in that, despite seeking removal based on diversity jurisdiction, it is devoid of any facts related to specific amounts of Plaintiff's claims and instead includes details about the aggregate amount of the putative class's claims. (ECF No. 1 at 4–11.) Because Defendant sought removal based on traditional diversity jurisdiction, the amount in controversy is to be determined based on Plaintiff's claims rather than those of the putative class. *See Troy Bank v. G.A. Whitehead & Co.*, 222 U.S. 39, 40 (1911) ("When two or more plaintiffs, having separate and distinct demands, unite for convenience and economy in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount.").

Thus, the question turns to whether the Court can consider the information regarding Plaintiff's individual claims provided by Defendant in its opposition. While Plaintiff argues *O'Halloran* and *Barrow* instruct the Court to disregard arguments made in Defendant's opposition (ECF No. 7 at 3–4 (citing *O'Halloran v. Univ. of Washington*, 856 F.2d. 1375 (9th Cir. 1988); *Barrow Development Co. v. Fulton Insurance Co.*, 418 F.2d 316 (9th Cir. 1969)), the Court disagrees with Plaintiff's interpretation of the cited cases. *O'Halloran* stands for the proposition that a petition for removal cannot be amended to add a separate basis for removal after the thirty-day period. 856 F.2d at 1381. Here, in contrast, Defendant is not attempting to

1  add a new basis for removal but is offering proof of the amount in controversy under traditional
2  diversity jurisdiction. (ECF No. 9 at 9.)  Similarly, in *Barrow*, the Ninth Circuit held a "removal
3  petition cannot be thereafter amended to add allegations of substance but solely to clarify
4  'defective' allegations of jurisdiction previously made." 418 F.2d at 317.  Here, Defendant
5  sought removal based on traditional diversity jurisdiction but included details about the aggregate
6  amount of the putative class's claims in its notice.  For reasons previously stated, the Court
7  considers this to be defective and, as such, will consider Defendant's arguments in its opposition
8  to clarify the defective allegations and determine whether Defendant has met its burden of
9  showing Plaintiff's claims meet the requisite amount in controversy.

10       To establish the amount in controversy, Defendant estimates: (1) Plaintiff's minimum
11  wages claim puts at issue $8,100; (2) Plaintiff's overtime violations claim puts at issue $875; (3)
12  Plaintiff's meal period violations claim puts at issue $3,500; (4) Plaintiff's rest period violations
13  claim puts at issue $4,375; (5) Plaintiff's failure to timely pay final wages claim puts at issue
14  $6,000; (6) Plaintiff's failure to provide accurate wage statements claim puts at issue $1,850; (7)
15  Plaintiff's failure to reimburse business expenses claim puts at issue $300; and (8) Plaintiff's
16  request for attorneys' fees puts at issue $105,000. (*Id*. at 22.)  Thus, Defendant calculates the
17  amount in controversy for Plaintiff's individual claims is approximately $130,000.00.  (*Id*.)

18       In its reply, Plaintiff argues Defendant's attorneys' fees calculation is improper. (ECF
19  No. 11 at 10.)  Plaintiff contends Defendant cannot attribute the total sum of attorneys' fees to
20  Plaintiff's amount in controversy but rather, must divide the total sum by the number of putative
21  class members to determine how much can be attributed to Plaintiff's amount in controversy. (*Id.*
22  at 10–11.)  As such, Plaintiff asserts Defendant's attorneys' fees claim, divided equally among the
23  355 putative class members, amounts to $295.77 in attorneys' fees for Plaintiff. (ECF No. 11 at
24  11.)

25       The Court agrees with Plaintiff's calculation of attorneys' fees for determining the amount
26  in controversy.  *See Magee v. Iconix Waterworks (US) Inc.*, No. 2:20-CV-00840-KJM-DB, 2020
27  WL 4188607, at *3 (E.D. Cal. July 2020) ("In determining the proper allocation to a named
28  plaintiff, courts have ruled that 'attorney[s'] fees must be divided by the number of class

5

members.'"). Adding the correct amount of attorneys' fees to Defendant's estimate of Plaintiff's individual claims, the total amount in controversy for Plaintiff's individual claims is $25,295.77, which falls below the threshold requirement under traditional diversity jurisdiction.

Accordingly, Plaintiff's Motion to Remand is GRANTED and the action is REMANDED.

### B. Request for Attorneys' Fees

"An order remanding the case may require payment of just costs and any actual expenses, including attorney[s'] fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). After remand, it is clear an award of attorneys' fees is a collateral matter over which a court normally retains jurisdiction even after being divested of jurisdiction on the merits. *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 445 (9th Cir. 1992). The Supreme Court provided recently "[a]bsent unusual circumstances, courts may award attorney[s'] fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Plaintiff seeks $7,900.00 in attorneys' fees and costs incurred because of Defendant's removal. (ECF No. 7 at 9–11.) Plaintiff alleges Defendant's removal was objectively unreasonable and that, as a result, he should be awarded attorneys' fees. (*Id.*) Specifically, Plaintiff argues Defendant's improper calculation of the amount in controversy caused delay for both Plaintiff and the Court. (*Id.* at 10-11.) In opposition, Defendant argues it made reasonable inferences from the Plaintiff's pleadings to assert jurisdiction. (ECF No. 9 at 22.) Absent meaningful argument to the contrary, the Court cannot say Defendant's removal "lacked an objectively reasonable basis" as would warrant an award of attorney[s'] fees. *Martin*, 546 U.S. at 141. Accordingly, Plaintiff's request for attorneys' fees is DENIED.

### IV. CONCLUSION

For the reasons discussed above, the Court GRANTS Plaintiff's Motion to Remand (ECF No. 7) and the case is REMANDED to Placer County Superior Court. The Court declines to award Plaintiff's attorneys' fees and costs incurred in bringing this motion.

//

IT IS SO ORDERED.

Date: November 8, 2024

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE